IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| VERNON LEANDIS CHARLES § | |
| § | |
| v. § | CIVIL ACTION NO. 5:20-CV-00184-RWS |
| § | |
| OFFICER IGNACIO CASTRO, JR., *et al.* § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 17), which contains her findings, conclusions and recommendations for the disposition of this matter. Plaintiff Vernon L. Charles, a prisoner confined at the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed the above-captioned civil action complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636 and the applicable orders of this Court. After reviewing the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted. Docket No. 17. Plaintiff filed objections in response. Docket No. 19. The Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 17) as the findings and conclusions of this Court.

Plaintiff's complaint alleges his property was confiscated on September 19, 2018. Docket No. 1 at 7–8. Plaintiff further alleges all of his property was returned that same day, or the next day, except for what Plaintiff termed his "legal papers," which have been identified as Uniform Commercial Code ("UCC") documents. *Id.* at 7–9. Plaintiff received a first disciplinary case for creating a disturbance and another disciplinary case for fraudulent filing of a financial statement. *Id.* at 9. Plaintiff acknowledges his first disciplinary case was overturned, and his second disciplinary case was re-written but has never been adjudicated. *Id.* 9–10.

In a previous lawsuit concerning the same incident, Plaintiff included a copy of the disciplinary case, which charged him with possessing completed UCC forms, which the

Magistrate Judge observed is a felony as defined by the laws of the State of Texas. Docket No. 17 at 3. The complaint in Plaintiff's earlier lawsuit attached a purported "security agreement," which was executed by Plaintiff in favor of "Santemu Aakhu." The Magistrate Judge opined that "Santemu Aakhu" appears to be Plaintiff's alias. *Id.* The "security agreement" was replete with references to and terminology from the UCC. *Id.*

Upon review of the pleadings, the Magistrate Judge observed that the TDCJ has a policy that has been upheld by the Fifth Circuit and prohibits inmates from possessing UCC materials. *Id.* at 3–4. Plaintiff did not dispute that the items seized were UCC materials. The Magistrate Judge also concluded that Plaintiff did not show any cognizable harm from the confiscation of his "legal papers." *Id.* at 5. To the extent that Plaintiff contended the disciplinary case he received for creating a disturbance was retaliatory, the Magistrate Judge stated this claim was conclusory and consisted of little more than Plaintiff's personal belief that he had been retaliated against. *Id.* at 7. Further, as noted above, Plaintiff also asserted the second disciplinary case was never adjudicated. *Id.* Thus, the Magistrate Judge reasoned that Plaintiff had not shown any resulting harm from that disciplinary case. *Id.* at 7–8. The Magistrate Judge also determined that Plaintiff failed to state a claim of conspiracy. *Id.* at 8.

In his objections to the Magistrate Judge's Report, Plaintiff contends the Magistrate Judge did not refer to his "[a]ffidavit of [t]ruth" and claims that "no court and no judge can overturn or disregard or abrogate [an individual's affidavit of truth]." Docket No. 19 at 2. Plaintiff further claims that "affidavits of truth" can only be rebutted by the party or parties affected by the affidavits. *Id.* Plaintiff further asserts that an unrebutted "affidavit [of truth] stands as truth and fact in law and becomes judgment in commerce." *Id.*

Plaintiff's purported "affidavit of truth" is a collection of random assertions, including assertions that the "[a]ffiant's rights exist even in light of the U.S. Bankruptcy aka The National Emergency and that includes the Right to Redemption"; the "[a]ffiant is 'of the people' and is above the corporate government called 'State of Texas'/STATE OF TEXAS, operating in a de facto bankrupt capacity/status"; and the "[a]ffiant is the [s]ecured party /[c]reditor and

[a]uthorized [r]epresentative of the corporate fiction - entity /[d]ebtor (Ens legis) identified as VERNON LEANDIS CHARLES under necessity." Docket No. 1-2 at 1–2. The contentions in Plaintiff's "affidavit of truth," therefore, offer no basis to set aside the Report of the Magistrate Judge.

Next, Plaintiff complains that the TDCJ officials did not follow prison policy in confiscating his documents. Docket No. 19 at 1. The failure of prison officials to follow their own rules and regulations does not amount to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) (violation of prison rules does not rise to the standards of a constitutional claim); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir.1986) (same); *see also Perry v. Allemand*, 687 F.App'x 352 (5th Cir. 2017) (prisoner is not constitutionally entitled to have the prison follow its own rules). This objection is, therefore, without merit.

Plaintiff also asserts that the Texas Penal Code does not prohibit possession of UCC forms. Docket No. 19 at 2. Plaintiff alleges he was charged with fraudulent filing of a financing statement under Texas Penal Code 37.101, and he asserts there was no evidence that he filed any fraudulent financing statement. *Id.* Plaintiff cites *Monroe v. Beard*, 536 F.3d 198 (3rd Cir. 2008), as establishing that prisons cannot create a rule violation for possessing UCC materials. *Id.* Plaintiff asserts that the court in *Monroe* thereby ordered the prison to return all such material except to those prisoners who used the material to break the law. *Id.*

Plaintiff's characterization is not, however, an accurate statement of the court's holding in *Monroe*. To the contrary, the Third Circuit held that the confiscation of the prisoners' UCC forms was rationally related to a legitimate penological interest and that accommodating a right to possess these materials may encourage the prisoners to harass, intimidate or threaten prison officials, including guards and administrators, by threatening to file liens. *Monroe*, 536 F.3d at 207, 209–10. As the Magistrate Judge observed, Texas prison inmates are prohibited from possessing UCC paperwork. Docket No. 17 at 3. Thus, this objection is also without merit.

Plaintiff next contends that the federal courts are "under admiralty jurisdiction of merchant law (negotiable instruments law)." Docket No. 19 at 2. Plaintiff claims that the United

States Supreme Court ruled in *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), that all federal cases will be judged under negotiable instruments law," which is also an incorrect characterization of the case holding. *Id*. *Erie*, instead, held that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Erie R. Co.*, 304 U.S. at 73. Plaintiff's lawsuit was not decided under admiralty jurisdiction. And Plaintiff's objection is accordingly without merit.

Plaintiff further sets forth that he is a "vessel of the United States" as well as "a free and natural human man, described by the God Almighty as a living soul, living under the common law and the unit of God." Docket No. 17 at 3. Plaintiff purports to revoke his citizenship with the "legal fiction known as the UNITED STATES Government) corporation" and attaches a declaration largely repeating his claims and asserting that he is revoking "all registrations, licenses, certificates, appointments, and any implied contracts or adhesions," apparently including "contracts" with TDCJ. *Id*. Plaintiff also maintains that he is a "non-resident alien" with regard to the federal government because he has never resided in the District of Columbia, and as a result, he asserts that state and federal laws do not apply to him. Docket No. 19-1 at 2. Plaintiff's objections and his declaration neither contain any merit nor establish any basis to set aside the Magistrate Judge's Report.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 19) are **OVERRULED**, and the Report of the Magistrate Judge (Docket No. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-titled cause of action is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that any and all motions currently pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 14th day of June, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE